**Scott D. HAMBY, Petitioner—Appellant,**

v.

**Ernest C. ROE, Warden, Respondent—Appellee.**

No. 00–56886.

D.C. No. CV–00–00625–AHM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 10, 2002.

Decided Aug. 20, 2002.

---

Before LAY, CANBY and PAEZ, Circuit Judges.

## MEMORANDUM *

Defendant–Appellant Scott D. Hamby appeals from the district court's denial of his petition for a writ of habeas corpus. Hamby contends that the district court erred in concluding that there was sufficient evidence to support his first degree murder conviction and the attendant special circumstance finding because the prosecution did not prove the element of implied malice. He also seeks an evidentiary hearing to decide issues of fact underlying the finding of implied malice. Finally, in his supplemental reply brief, Hamby withdraws his previous agreement with the facts set forth by the district court and requests an evidentiary hearing to present new evidence of his innocence and to raise six arguments that are outside the scope of the certificate of appealability. We affirm the judgment of the district court and deny Hamby's request for an evidentiary hearing on the newly raised issues.

* This disposition is not appropriate for publication and may not be cited to or by the courts

### A. The Scope of the Panel's Review

The claims that appear in Hamby's supplemental reply brief are not properly before this court. Hamby raises them for the first time on appeal and failed to exhaust them in state court. *See Slaven v. American Trading Transp. Co.*, 146 F.3d 1066, 1069 (9th Cir.1998). We also deny Hamby's request for an evidentiary hearing in order to raise these issues for the first time. *See Duncan v. Henry*, 513 U.S. 364, 365–66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995). Moreover, the argument in Hamby's pro se opening brief that the district court should have granted him an evidentiary hearing to introduce new evidence is not properly before us because it falls outside the scope of the certificate of appealability.

### B. Sufficient Evidence Supports Hamby's Conviction

The state court decision here was not contrary to or an unreasonable application of federal law under the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat 1218 (April 24, 1996) ("AEDPA"). This court reviews de novo "the determination of what is 'clearly established Federal law, as determined by the Supreme Court of the United States'" under 28 U.S.C. § 2254(d)(1). *LaJoie v. Thompson*, 217 F.3d 663, 668 (9th Cir.2000) (citation omitted). Hamby's conviction for first degree murder by means of a destructive device or explosive, Cal.Penal Code §§ 187, 189, and the attendant special circumstance finding did not violate his Fourteenth Amendment right to due process because there was sufficient evidence for the jury to find the requisite element of "malice" beyond a reasonable doubt. *See Jackson v. Virgi-*

of this circuit except as provided by Ninth Circuit Rule 36–3.

*nia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *see also People v. Johnson,* 26 Cal.3d 557, 162 Cal.Rptr. 431, 443, 606 P.2d 738 (1980) (harmonizing California law with the federal constitutional standard).

Implied malice exists when "no considerable provocation appears, or when the circumstances attending the killing show an abandoned and malignant heart." Cal.Penal Code § 188. Implied malice has a physical and a mental component. *People v. Nieto Benitez,* 4 Cal.4th 91, 13 Cal.Rptr.2d 864, 840 P.2d 969, 977 (1992).

Hamby's conduct satisfies the physical component of the implied malice test because there was a "high degree of probability" that placing the bomb where it was and leaving it there until the following afternoon would result in death. *See Masoner v. Thurman,* 996 F.2d 1003, 1007 (9th Cir.1993). The unpredictability and "inherently dangerous nature" of explosives made death highly probable. *People v. Morse,* 2 Cal.App.4th 620, 3 Cal.Rptr.2d 343, 356 (1992). Furthermore, while the bomb site was not in a residential area, there was enough human activity in the area that a rational trier of fact could have found that Hamby placed the bomb in close proximity to people. *Id.*

Hamby's subjective knowledge that the bomb was dangerous to others is sufficiently established by: (1) Jill Sinclair's question to Hamby about the likelihood of school children walking through the area, and (2) the existence of litter on the route to and from the bomb's location, permitting an inference that Hamby knew that others visited the area.

Hamby's challenge to the special circumstance finding rests on his claim that the state did not establish implied malice. In light of our conclusion that there was sufficient evidence to support the implied malice element, the special circumstance finding was proper.

Because Hamby's conviction for first degree murder and the special circumstance finding were supported by substantial evidence as required by *Jackson,* the state court's decision was not contrary to clearly established Supreme Court law and must be affirmed. *See Van Tran v. Lindsey,* 212 F.3d 1143, 1153–54 (9th Cir.2000).

AFFIRMED.